PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 7 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

MICHAEL DISSLER #35714-044
_____
Plaintiff's Name and ID Number

SEAGOVILLE FCI, TEXAS
_____
Place of Confinement

v.

CASE NO. **3-20CV942-◌D**
_____
(Clerk will assign the number)

Warden K. Zook
_____
Defendant's Name and Address

Po Box 9000
Seagoville, TX 75159
_____
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit:_____

        2. Parties to previous lawsuit:

           Plaintiff(s)_____

           Defendant(s)_____

        3. Court: (If federal, name the district; if state, name the county.)_____

        4. Cause number:_____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition:_____

II.    PLACE OF PRESENT CONFINEMENT:  Seagoville TX Federal Correctional Inst

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff:  MICHAEL DISSLER, #35714-044, Po Box 9000,

Federal Correctional Institution, Seagoville, Texas  75159

_____

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1:  K. ZOOK, Warden, PO Box 9000, Federal Correctional

Institution, Seagoville, TX 75159

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Eighth Amendment, Cruel & Unusual punishment claim

Defendant #2: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #3: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #4: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how <u>each</u> defendant is involved.  <u>You need not give any legal arguments or cite any cases or statutes</u>.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

Award punitive damages of $30,000.00 dollars plus all fees/expenses and/or any other amount this court deems appropriate to grant to me.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

NONE

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

I was once a Bolling Green, Missouri state prisoner, # unknown

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  ✓NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date sanctions were imposed:_____

4. Have the sanctions been lifted or otherwise satisfied?                                    ____YES ____NO

4

C. Has any court ever warned or notified you that sanctions could be imposed?        _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division):_____

   2. Case number:_____

   3. Approximate date warning was issued:_____

Executed on: **4-13-20**
           DATE

*Michael Dissler*

*Michael Deusle*
(Signature of Plaintiff)


## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____**13 TH**_____ day of ____**April**____, 20 **2 0**.
            (Day)                    (month)              (year)


*Michael Deusle*
(Signature of Plaintiff)


**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

V.                    STATEMENT  OF  CLAIM

This is an Eighth Amendment claim concerning cruel and
unusual punishment and the uneccessary and wanton affliction
of pain, in regards to serious dental issues.

I filed and exhausted the grievance procedure and due to my
underweight physical condition and memory issues, I was
approved by the BP-11 grievance, to be moved to the front of
National Dental Wait List, to get immediate dentures. Many
things have occurred in nearly two years & I still have no
dentures.

I was taken to see outide specialist doctor to get my upper
jaw-gums "grinded down" in order for dentures to properly
fit on deformed jaw. This was a very painful procedure! It
took months to heal up. Eventually the Seagoville FCI chief
dentist, Dr Perez, did a gel mold of my jaw-gums. Many months
later, Dental called me out to get the dentures.

Upper dentures fit to tight causing excruciating pain when
biting down to try and chew food. Dr Perez has attempted on
several occasions, to mechanically grind down the sides of
the upper dentures, to get them to properly fit correctly
on my upper jaw. This has not helped.

Rather than do another simple gel mold & get a new pair made,
Dr Perez keeps trying to grind them down & has sent them to
be repaired several times by outside business.

All this delay in waiting almost two years, has resulted in
uneccessary pain and suffering, weight loss, unable to prop-
erly chew up food without the use of teeth, because obviously,
Dr Perez is unskilled in being able to make a pair of dentures
that fit properly without hurting.

(1)

I sue Warden Zook in her individual capacity as the warden and to whom is Dr Perez's superior/employer and oversees the Seagoville Federal Correctional Institution.

I request this court award to me punitive damages in the amount of $30,000.00 dollars, plus all court costs and expenses, and/ or any other amount this court might deem appropriate to award to me.

Thank you.

(2)

**Federal Correctional Institution**
**Seagoville, Texas**

**Administrative Remedy Procedures for Inmates**
**Informal Resolution Form**

Bureau of Prisons Program Statement 1330.18, <u>Administrative Remedy Program</u>, requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint.   This form will be used to documen your efforts toward informally resolving your grievance.   Complete items 1-3 and return to your Correctional Counsel

**INMATE'S COMPLAINT:**

1.  State your specific complaint: _____ *( SEE: ATTACHEHED )* _____

_____

_____

_____

2.  State what efforts you have made to informally resolve your complaint: _____

_____

_____ *(SEE: ATTACHED)* _____

_____

3.  State what resolution you request: _____

_____

_____ *(SEE: ATTACHED)* _____

_____

Inmate Name _Michael Dissler_   Register Number _35-714-044_   Unit _A 5-Bldg._

_Michael Dissler_   _9-7-17 MD_

Inmate Signature   Date _9-19-17_

**CORRECTIONAL COUNSELOR:**

4.  Efforts made to informally resolve and staff contacted: _You were placed on a dental plan at FCI Tex arkana. The process was underway to provide you with dentures. Due to your disciplinary actions: you committed a 200 Disruptive conduct- High by assaulting another inmate. Thereafter your dental plan was stopped. You were then being transferred here to FCI Seagoville where you them must start the process over. This action was due to your disciplinary history._

☑ No Informal Resolution - Issued BP-9 on _9-19-17_ _____ (Date)

Informally Resolved on _____

_____   Inmate Signature

Counselor's Signature: _[signature]_   Date   Date: _9-19-17_

Unit Manager Review: _[signature]_   Date: _9/15/17_

BP-8/2

On June 13, 2017, I spoke with Mark Rayburn, who told me I they couldit work on my mouth due to not having a dentist. I was in (SHU) at Texarkana (F.C.I) when this incident accurred. I was having serious pain and was unable to chew my food properly. Dr. Downing pulled my last 5 teeth, the stopped working on me due to Mark Rayburn telling him to stop working on me. My dental care needed is a serious medical need From these staffs behavior, they have demostrated, "medical Negligence," "Deliberate Indifforence" and violated my rights to proper dental care under the Constitution, and also have Violated their Program Statements. This An Eigth Amendment Violation. The courts have hold that "repeated examples of this type of conduct are demostrating deliberate indifference." They have treated me as a nuisance not an inmate. " Intentionally denying or delaying is a serious violation. They have consistentally continued a pattern of recklessness behavior. Due to these staff conduct, I have been suffering, these staff have been so negligent that it amounts that it Constitutes the unnessarry and wanton infliction of pain"... proscribed by the eighth Amendment.

(Attempt To Resolve) Spoke with Mark Rayburn, Personally, RPh/HSA

(Relief) (1) I want immediately dental treatment, and
(2) I want my dentures made so that I can eat properly on not have worry of damaged health in the future.
3) All Staff involved be held account able for their actions
and ...

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Diesler   Michael   C   _____   A-5   F.C.I. Seagville  
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A- INMATE REQUEST   I was at F.C.I. Texarkana, and I filed my remedy but was dissatisfied and never got a response so I dont know my number for there. I spoke with Mr. Rayburn, who told me they could'nt work on my mouth due to having a dentist. I am unable to chew my food which is a health hazardness. Mr. Rayburn and all there has demonstrated deliberate indifference to my serious medical need. They have been really negligent toward me and my needs. I am now at F.C.I. Seagoville, so all I ask is that the dental department here make me some dentures immediately so I can eat my food. That all staff involved be held accountable for their actions. I was in the S.H.U. at Texarkana at the time I asked for treatment. I ask that Dr. Baker and Dr. Perez here at Seagoville start my dental work immediatley.  
The dental department has constanly continued a pattern of reckleness and are violating my Constutional Rights to aqaute medical care. I ask that you entervene and have my treatment started here right away.

Thank you.

9/19/17 _____      *Michael Diesler*  
       DATE                                           SIGNATURE OF REQUESTER

_____  
       DATE                                         WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 days of the date of this response.*

ORIGINAL: RETURN TO INMATE                            CASE NUMBER: 915416-F1

                                                           CASE NUMBER: _____

Part C- RECEIPT  
Return to: _____  
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

_____                               _____  
       DATE                                           RECIPIENT'S SIGNATURE (STAFF MEMBER)

**Part B: Response to Request for Administrative Remedy**          **FCI Seagoville, Texas**

DISSLER, Michael C
Register No.: 35714-044
Remedy No.: 915945-F1

This is in response to your Request for Administrative Remedy received September 12, 2017, wherein you claim staff are refusing to provide you dental care; you claim dental care indifference, negligence and recklessness on part of the Dental Clinic. You are requesting fabrication of dentures begin immediately so you can eat your food. You claim your constitutional rights to adequate medical care has been violated and you would like to have all staff involved be held accountable.

The CDO has met with you to discuss your position on the National Routine Treatment list. You were provided this information and the opportunity to have a Mechanical Soft Diet provided. You refused dental care treatment on July 15, 2014. You were reinstated on July 24, 2015, by the Dental Staff at your previous institution. Your transfer to this institution did not jeopardize your standing on the National Routine Treatment list.

According to the Program Statement, 6400.03, Dental Services, Section 6. (1) Access to care must be equitable. Dates of initial requests for dental treatment follow the inmate from one facility to another. Those waiting the longest will be seen first, in chronological order. As soon as your name appears at the top of this list, you will be placed on call out to begin the fabrication of the dentures.

The Dental Staff has responded to your grievances by providing counseling sessions and providing you the opportunity for a Therapeutic Diet. At first you declined, but later accepted the offer.

In addition, Section 10. URGENT DENTAL CARE (DENTAL SICK CALL PROGRAM) defines urgent dental care as treatment for acute dental pain, traumatic injuries, and acute infections. Immediate fabrication of dentures is not found in the policy. You may report to Dental Sick Call with any questions or concerns.

Based on the information above, this response is for informational purposes only.

If you are not satisfied with this response, you may appeal to the South Central Regional Director, 344 Marine Forces Drive, Grand Prairie, Texas 75051, via BP-DIR-10, within 20 calendar days of the date of this response.

_____                    09|26|17
D. J. Harmon, Warden                        Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Dissler Michael     C          35714044          A          FCI Seagoville, Texas
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

I have read PB9 and it does not tell every thing right, Frist off I am only putting, Mr. Mark Rayburn and the Dental in. Texarkana, Texas, in this suite only why Mr. Mark Rayburn said Thant's to Tuump we no longer have a, Dental. I have 2 other pepole hear him said that, How they were the only 2 involved in this matter, My teeth then pull I was in pain given no pain pills till this day i was i have had serious medical need if i don't get the action will go up more, Mr. Dr. Perez said it will be 3 yrs and 10 month's befor i get my dentures, Mr. Mark Rayburn trash my 3 dental copout never made it to the Dental's office, I stay in pain no help from dental,

10-1-17-
_____          _Michael C. Dissler_
DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 27 2017

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

JAN 10 2018

BUREAU OF PRISONS
LEGAL DEPARTMENT, SCRO

RECEIVED

OCT 10 2017

BUREAU OF PRISONS
LEGAL DEPARTMENT, SCRO

10-1-17 MD
_____                              _____
DATE                                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _915945-__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                 LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          ⊗          _____
DATE          PRINTED ON RECYCLED PAPER          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                  BP-230(13)
                                                              JUNE 2002

Regional Administrative Remedy Appeal No. 915945-R3
Part B - Response

This is in response to your Regional Administrative Remedy
Appeal receipted January 10, 2018, regarding dental care. You
claim a Health Services Department staff member at your previous
institution made an inappropriate remark to you and discarded
your Inmate Requests to Staff requesting dental care. You also
claim your teeth were extracted without pain medication and
fabrication of dentures has been inordinately delayed. You
request dentures.

Allegations of staff misconduct are taken seriously, and your
allegations have been forwarded to appropriate officials for
review. If warranted, appropriate corrective action will be
taken at the conclusion of the review.

A review of your electronic medical record reveals you have
undergone multiple extractions and have been provided pain
medication after each extraction. If you experience continued
post-extraction pain, you may seek dental care for additional
modifications to your plan of care or you may purchase over the
counter pain relievers at the commissary if needed.

Dentures are a component of treatment plan of comprehensive
dental care, and are considered routine, non-urgent dental care.
You are on the routine dental treatment list in accordance with
policy and care will be provided in chronological order. In the
meantime, you are encouraged to practice good oral hygiene
habits with brushing at least twice per day and flossing daily
to preserve your remaining teeth. If you are having problems
eating, you may request a mechanical soft diet through the
dental sick call process.

This response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to
the Federal Bureau of Prisons, Office of General Counsel,
320 First Street, N.W., Washington, D.C. 20534. Your appeal
must be received in the Office of General Counsel within 30 days
from the date of this response.

JAN 2 6 2018
_____
Date

_____
J. F. Caraway
Regional Director

MICHAEL C DISSLER, 35714-044
SEAGOVILLE FCI      UNT: A      QTR: A02-461L
2113 NORTH HWY 175
SEAGOVILLE, TX 75159

RECEIVED
WARDEN'S OFFICE

JUN 1 2 2018

FCI SEAGOVILLE

**Administrative Remedy No. 915945-A3**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal wherein you assert you have no teeth to properly eat
nutritious foods which causes you severe pain and choking
issues.  You assert the Food Services Department is not
providing you with the mechanical soft diet your local dentist
prescribed.  You further contend there is a loose bone fragment
in your upper jaw and the dentist is waiting to see if it grafts
back into the jaw on its own.  For relief, you request to be
medically exempt from the National Dental Wait List and have
your dentures made as soon as possible.

Our review of documentation and that of your medical record
reveals on October 19, 2016, you had a dental treatment plan
exam by a dentist.  The dentist determined your remaining teeth
had multiple deep cavities and the best treatment was the
extraction of your remaining teeth and the fabrication of full
dentures.  Over two appointments on December 7, 2016, and
December 21, 2016, your remaining teeth were extracted.

Your record shows that you should still have access to a
mechanically softened diet.  Your local institution has been
contacted to ensure it is available to you.  Since you should
have been placed on a medical hold until all of the treatment
was completed, your local dental department has been contacted
and instructed to complete your routine dental care in a timely
manner.

Considering the foregoing, this response is provided for
informational purposes only.


_5\14\1.8_
Date

_____
Ian Connors, Administrator
National Inmate Appeals

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Dissler, Michael**          **35714-044**       **A5**       **Seagoville**
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.            UNIT           INSTITUTION

**Part A – REASON FOR APPEAL**    (I appeal the BP-10 & reinstate everything here)

**Note:** I had already filed this BP-11 to the Central Office but it was returned to me stating that copies of the BP9 & BP10 were not attached. I did in fact include those documents with the BP-11 I had filed. Some unknown Bureau employee at the Central Office level, is engaging in malicious mischief & removing said documents, then returning the grievance to the inmate stating such docs were not included & instructing him to refile the grievance. This violates the PLRA, violates the inmate's right to exhaust the grievance procedure, delays and further endangers the inmate's health & prolongs unneeded suffering & results in substantial serious harm in direct violation of the Eighth Amendment.

I am a slender 63 yr old elderly man with other serious health problems & I currently have no teeth in order to properly eat nutritious foods, I have difficulty eating, swallowing and not being able to properly chew up food we are served, resulting in severe pain & choking issues. Dentist Perez says there is a loose bone fragment in my upper jaw area & has told me to "wait" & see if it will graft back into the jaw on its own, all the while I suffer waiting. Dr Perez put me on a mechanical diet but the food service staff refuse to honor it. I went to Dental Sick Call on about 3/13/2018 to seek help regarding the ongoing jaw pain & diet refusal but was told by dental staff to mail them a written cop out instead!

March 27, 2018          (continued page two)        *Michael Dissler*
_____DATE_____                                     SIGNATURE OF REQUESTER

**Part B – RESPONSE**

**RECEIVED**

APR 06 2018

Administrative Remedy Section
Federal Bureau of Prisons

_____                    GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 915945A1

**Part C – RECEIPT**

                                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

UPN LVN                                              BP-231(13)
                                                     JUNE 2002

BP-11                        (Page Two)                 3/27/2018

I request per Program Statement OPI:6400.03 (5) Medical
Co-morbidities section and to which allows the dentist
to 'reprioritize dental treatment', exempting me from
wait list procedures and providing dentures to me "now"
not the 3+ years Dr Perez told me I would have to wait
on the National Dental Wait List before I can receive
the dentures I desperately need now, due to my age and
other health problems.

Thank you.


Further note to the Central Office Inmate Appeals:

Law library inmates assisted Mr Dissler in preparing and
typing up this BP-11 under his direction. Due to a prior
head injury Mr Dissler received prior to his incarceration,
We believe that he has dementia, or trouble remembering.
If this matter is not resolved at the grievance level, we
are fully prepared to assist him in filing a federal law
suit under Bivens & seek remedy in court.

Thank you.



Name *Michael Dissler*

Reg. No. *35 714 - 044*

FEDERAL CORRECTIONAL INSTITUTION

P.O. Box 9000

Seagoville, TX 75159-9000

UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK

NORTHERN DISTRICT OF TEXAS

1100 COMMERCE - ROOM 1452

DALLAS, TX 75242-1495

OFFICIAL BUSINESS

*Legal Mail*